IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Salah El-Bash, | : | |
| | : | Case No. 1:24-cv-094 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Denying Motion for Sanctions |
| Southern Ohio Medical Center Medical Care Foundation, Inc., | : : | |
| | : | |
| Defendant. | : | |

This matter is before the Court on the Motion for Sanctions filed by Defendant Southern Ohio Medical Center Medical Care Foundation, Inc. ("SOMC"). (Doc. 44.) Plaintiff Salah El-Bash filed a Response in Opposition, to which SOMC filed a Reply. (Docs. 46, 53.) In this suit, Dr. El-Bash sued SOMC, his former employer, for violating his rights under the Family and Medical Leave Act ("FMLA"). SOMC seeks sanctions because Dr. El-Bash failed to timely produce his credit card records from December 2021 and gave inaccurate deposition testimony about the date he flew to Texas during his FMLA leave.

Federal Rule of Civil Procedure 37 authorizes a district court to sanction a party who "after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii). The Sixth Circuit has stated that "the majority view authorizes Rule 37(d) sanctions when a party's evasive or incomplete answers to proper interrogatories impede discovery." *Jackson by Jackson v. Nissan Motor Corp. in USA*, No. 88-6132, 1989 WL 128639, at *5 (6th Cir. Oct. 30, 1989) (cleaned up); *see also Laukus v. Rio Brands, Inc.*, 292 F.R.D. 485, 502 (N.D. Ohio 2013) (same). In addition to Rule 37 authority, "[a] court may exercise its

1

inherent power to sanction when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons,' or when the conduct was 'tantamount to bad faith.'" *Laukus v. Rio Brands, Inc.*, 292 F.R.D. 485, 502–503 (N.D. Ohio 2013) (quoting *Metz v. Unizan Bank,* 655 F.3d 485, 489 (6th Cir. 2011)).

> Courts examine four factors to determine whether to impose sanctions under Rule 37:
>
> The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; the second factor is whether the adversary was prejudiced by the party's failure to cooperate in discovery; the third factor is whether the party was warned that failure to cooperate could lead to the sanction; and the fourth factor in regard to a dismissal is whether less drastic sanctions were first imposed or considered.

*Peltz v. Moretti*, 292 F. App'x 475, 479 (6th Cir. 2008) (citation omitted). If the district court finds a violation of Rule 37, it "must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). Other appropriate sanctions can include designating facts to be taken as established, prohibiting a party from submitting evidence, or striking pleadings in whole or in part. Fed. R. Civ. P. 37(b)(2)(A) & (d)(3).

The Court has evaluated Dr. El-Bash's discovery responses and deposition testimony. The discovery record does not establish that Dr. El-Bash should be sanctioned for his failure to timely produce his credit card records from December 2021. Dr. El-Bash explained that he could not access and produce his credit card records from December 2021 because his credit cards from that time had been cancelled and were in collections. (Doc. 23 at PageID 163–164; Doc. 45 at PageID 1433.) SOMC has not established that his explanation is false. Also, SOMC was not unfairly prejudiced by the delayed production. Although the Court ultimately ordered Dr. El-Bash to subpoena and then produce his own credit card records, SOMC could have issued

subpoenas to the credit card companies for Dr. El-Bash's records itself. *Cf. Nathan v. Ohio State Univ.*, No. 2:10-cv-872, 2012 WL 12985706, at *4 (S.D. Ohio Apr. 17, 2012) (discussing case that held a plaintiff lacks standing to quash a defendant's subpoena to his credit card company for its records).

As to the second issue, Dr. El-Bash inaccurately testified at his deposition that he traveled to Texas on December 20, 2021. (Doc. 23 at PageID 159.) The evidence now shows that Dr. El-Bash delayed his trip until December 22, 2021 so that he could attend an emergency dental procedure with his young daughter. (Doc. 29 at PageID 857; Doc. 45 at PageID 1431–1432.) Again, however, SOMC has not established that Dr. El-Bash intentionally lied or acted in bad faith. Dr. El-Bash appeared to rely on a receipt from Delta Airlines showing that he bought a Delta ticket on December 16, 2021 to fly to Texas on December 20, 2021. (Doc. 23-7.) He testified at his deposition in February 2024 that he "asssum[ed]" he used the ticket and that he flew on the December 20, 2021 "[a]s best as [he] recall[ed]." (Doc. 23 at PageID 159.) Likewise, Dr. El-Bash acknowledged that his memory about the timing of his daughter's dental procedure was shaky. He testified that "there was a period of time where she had several dental procedures in Charleston[,]" but he admitted that he did not "know when that was." (*Id.* at PageID 168.) When asked if he had "any memory whether any of those procedures posed a problem with your going down to Texas[,]" he stated, "[n]ot that I remember." (*Id.*) The Court reads the deposition transcript to reveal a faulty memory, not an intent to deceive.

For these reasons, Defendant's Motion for Sanctions (Doc. 44) is **DENIED**.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge